Pala Assets Holding Ltd. v Rolta, LLC (2022 NY Slip Op 06642)

Pala Assets Holding Ltd. v Rolta, LLC

2022 NY Slip Op 06642

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt, Higgitt, JJ. 

Index No. 652798/18 Appeal No. 16684 Case No. 2022-01578 

[*1]Pala Assets Holding Ltd., et al., Plaintiffs-Respondents,
v
Rolta, LLC, et al., Defendants, Rolta India Ltd., et al., Defendants-Appellants.

Thompson Hine, New York (Emily J. Mathieu of counsel) and Thompson Hine LLP, Atlanta, GA (John C. Allerding, of the bar of the State of Georgia and the State of Ohio, admitted pro hac vice, of counsel) for appellants.
Kobre & Kim, LLP, New York (Leif T. Simonson of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about March 25, 2022, which, to the extent appealed from, granted plaintiffs' motion for discovery and production of all communications between defendants Rolta India Ltd., Rolta U.K. Ltd., Rolta Middle East FZ-LLC, and Rolta Global BV and their various legal counsel from May 2016 to the date of the order, as well as all Rolta-related emails sent or received by the CEO of the corporate parent in the same time frame, including personal emails and messages of the CEO on his various electronic accounts, unanimously modified, on the law and the facts, to begin the production period's commencement date to June 7, 2018, limit the scope of the emails to be produced to issues relating to post-judgment enforcement, and otherwise affirmed, without costs.
Deposition testimony by the CEO and Chairman of defendants' corporate parent, Rolta India, waived defendants' attorney-client privilege as to communications had with various counsel representing them in New York courts and in India. The CEO's testimony that defendants did not comply with post-judgment orders calling for a turnover of assets to a receiver because the turnover and receivership orders had yet to be domesticated in India in accordance with Indian law affirmatively placed the subject matter of their privileged communications in litigation (see generally U.S. Bank N.A. v Lightstone Holdings LLC, 196 AD3d 445, 447 [1st Dept 2021], lv denied 38 NY3d 913 [2022]; Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth., 168 AD3d 569, 571-572 [1st Dept 2019]). The CEO testified, among other things, that defendants' counsel in India advised noncompliance with the post-judgment orders pending domestication of such orders in India, and that defendants' U.S. counsel would yield to the advice of its Indian counsel on the matter. Thus, invasion of the privilege was required for plaintiffs to adequately contest the validity of defendants' defense in failing to comply with the turnover and receivership orders (see generally Lightstone Holdings LLC, 196 AD3d at 447), particularly inasmuch as contempt proceedings had already been brought against the president of Rolta India's primary subsidiary, and additional contempt proceedings were in the process of being commenced against other principals.
Insofar as defendants argue that the CEO only testified on behalf of Rolta India, and that any purported waiver of privileged communications had to be restricted to communications between Rolta India and its counsel, and not to any attorney communications had by the other defendants, the argument is unavailing. In the context of disclosure, a showing of common interest between parties, as might hold various parties mutually bound to the requirements of a disclosure order, may be evidenced by dual representation or a shared defense or strategy between defendants, notwithstanding that the parties might be separately represented 
(see American [*2]Re-Insurance Co. v United States Fid. & Guar. Co., 40 AD3d 486, 491 [1st Dept 2007]). Here, there is both dual representation and evidence of a defense strategy shared by defendants.
In addition, the record reflected that the CEO was the founder and decision maker for the Rolta entities, that the CEO transferred monies through his privately owned companies to financially assist Rolta India, and that not only were defendants engaged in obstructive measures to deflect collection efforts on the judgments, but also the evidence suggested that assets were being stripped from defendants. Therefore, the court providently exercised its discretion in ordering the CEO to disclose Rolta related communications he had in his corporate email account, private Gmail account, and other electronic accounts identified by the court (see generally CPLR 5223; U.S. Bank N.A. v APP Intl. Fin. Co., B.V., 100 AD3d 179, 183 [1st Dept 2012]).
Nevertheless, the time frame and general subject matter of the ordered disclosure — all Rolta-related communications, regardless of subject matter, predating the entry of judgment by more than four years —was impermissibly overbroad. The production period should instead commence from the action's filing date, by summons, of June 7, 2018 and end on the court's order date of March 25, 2022. Further, the communications
that defendants must produce should be limited to those connected to, or reflecting the issues raised, in the post-judgment enforcement proceeding.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022